UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| ADVANCED PATHOLOGY SOLUTIONS, PLLC, | : |
| *Plaintiff*, | : Case No. 4:25-cv-229-JM |
| v. | : |
| ROBERT F. KENNEDY, in his official capacity as Secretary for the United States Department of Health & Human Services, | : |
| and | : |
| STEPHANIE CARLTON, in her official capacity as Acting Administrator of the Centers for Medicare and Medicaid Services, | : |
| *Defendants*. | : |

## DECLARATION OF KEVIN HANNAH IN SUPPORT OF PLAINTIFF'S STATUS REPORT

Kevin Hannah, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am over 18 years of age and competent to make this Declaration. The evidence supplied in this Declaration is based upon my personal knowledge.

2. I am the Chief Executive Officer of Advanced Pathology Solutions, PLLC ("APS"), and submit this Declaration in support of Plaintiff's Status Report.

3. I reaffirm the facts I declared in my March 20, 2025, Declaration in Support of Plaintiff's Motion for a Preliminary and Permanent Injunction, and state that those facts remain accurate.

4. I also reaffirm the facts I declared in my June 25, 2025, Declaration in Support of Plaintiff's Reply Brief in Support of Plaintiff's Motion for a Preliminary and Permanent Injunction

1

(hereinafter, "Decl. ISO PI Reply Br."), except for the facts regarding the financial impact on APS caused by its suspension from receiving CMS payments.

5. Since my Decl. ISO PI Reply Br. in June 2025, the financial impact on APS caused by its suspension from receiving CMS payments has only increased.

6. In the instant Declaration in Support of Plaintiff's Status Report, I declare the financial impact on APS caused by its suspension from receiving CMS payments, current as of the date of this Declaration.

7. The financial impact on APS caused by its suspension from receiving CMS payments has been extraordinary and likely irreversible.

8. Since the suspension was imposed, CMS has withheld more than $13,000,000.00 in payments otherwise owed to APS for services performed and billed to federal healthcare programs.

9. CMS's unlawful and unconstitutional suspension has caused APS substantial and irreparable reputational harm. Prior to this suspension, APS had never been subject to an enforcement action, and had proudly held its status as an reputable business in the local community and in the pathology industry. But because APS was forced to initiate this litigation to vindicate its constitutional rights, CMS's payment suspension has become publicly known. As a result, APS's reputation as a compliant, reliable, and upstanding business has been wrongly tarnished. APS has been branded as a company being "investigated" by CMS without any claims or charges it can defend against. The reputational harm alone has caused APS to lose existing business and has prevented APS from gaining new business—multiple partners have specifically referenced the unlawful CMS payment suspension as the basis for their concerns about doing business with APS.

10. Since my Decl. ISO PI Reply Br. in June 2025, APS has closed another line of business—its Stool Division—because it also heavily relies upon CMS payments to be profitable, and APS could not continue to operate at a net loss. The Stool Division was critical for many APS customers, who have since had to find alternative providers for stool testing. Having to find a new stool testing provider is likely to result in customers leaving APS altogether for providers who can provide the services that APS can no longer afford to provide.

11. None of the testing services or divisions that APS has been forced to terminate, such as podiatry, skin, and wound testing, have been the subject of any investigation, inquiry, request, or purported claim by the federal government or any federal agency.

12. APS has lost more than 100 employees (over half of its workforce) since the suspension was imposed, through terminations and because APS is financially unable to fill positions when an employee leaves.

13. Without the withheld revenue, APS has had difficulty fully paying its vendors and is at risk of losing services due to nonpayment. If APS's vendors terminate the services they are providing, APS will no longer be able to operate as APS cannot afford to perform those services itself.

14. Without the withheld revenue, APS has been forced to draw on a line of credit to cover cash deficits for payroll liabilities which has, in turn, created additional interest expense payments, further accelerating the decline of the company's already dire conditions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2026.

_____
Kevin Hannah
Chief Executive Officer
Advanced Pathology Solutions, PLLC