UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ADVANCED PATHOLOGY**                                                                 **PLAINTIFF**
**SOLUTIONS, PLLC**

**v.**                                       **No. 4:25-CV-229 JM**

**ROBERT F. KENNEDY, in his**                                   **DEFENDANTS**
**official capacity as Secretary**
**of the United States**
**Department of Health &**
**Human Services; and**
**DR. MEHMET OZ, in his**
**official capacity as Administrator**
**of the Centers for Medicare and**
**Medicaid Services**

## DEFENDANTS' STATUS REPORT

Defendants Robert F. Kennedy, in his official capacity as Secretary of the United States Department of Health & Human Services, and Dr. Mehmet Oz, in his official capacity as Administrator of the Centers for Medicare and Medicaid Services ("CMS"), state as follows for their status report:

1. At a hearing in this matter held on September 19, 2025, the Court took defendants' motion to dismiss under advisement. The Court indicated it would revisit the motion when the payment suspension at issue had been in place for eighteen months. To wit, the Court has scheduled a status hearing for January 22, 2026.

2. Pursuant to federal regulations, CMS implemented a temporary payment suspension of Advanced Pathology Solutions, PLLC ("APS") effective July 26, 2024 based on credible allegations of fraud. *See* 42 C.F.R. § 405.371(a)(2).

3. CMS's temporary suspension of payments to APS based on credible allegations of fraud was implemented pursuant to administrative procedure intended to protect the federal fisc

from additional losses while the government investigates the potential misconduct. *See* 42 U.S.C. § 1395y(o); 42 C.F.R. §§ 405.370-405.375.

4. This administrative procedure contemplates that CMS will make any overpayment determination after the government's investigation concludes and includes an opportunity for APS to challenge any overpayment determination through administrative channels, including the potential to seek judicial review once the administrative remedies are exhausted. *Id.* "An investigation of credible allegations of fraud will be considered resolved when legal action is terminated by settlement, judgment, or dismissal, or when the case is closed or dropped because of insufficient evidence to support the allegations of fraud." *See* 42 C.F.R. § 405.370.

5. The regulations set forth "good cause exceptions" to payment suspensions. *See* 42 C.F.R. § 405.371(b). Specifically, 42 C.F.R. § 405.371(b)(3) provides in part: "[g]ood cause not to continue to suspend payments to an individual or entity against which there are credible allegations of fraud must be deemed to exist if a payment suspension has been in effect for 18 months and there has not been a resolution of the investigation . . . ." The regulation goes on to provide an exception to this exception: "except CMS may extend a payment suspension beyond that point if . . . [t]he Department of Justice submits a written request to CMS that the suspension of payments be continued based on the ongoing investigation and anticipated filing of criminal or civil action or both." 42 C.F.R. § 405.371(b)(3)(ii). Thus, the regulations contemplate that some temporary payment suspensions may exceed eighteen months.

6. In accordance with 42 C.F.R. § 405.371(b)(3)(ii), the Department of Justice has submitted a written request to CMS for the payment suspension to be continued based on the ongoing investigation.

7.  In other cases seeking to challenge similar payment suspensions in court rather than through the established administrative process, courts have uniformly declined to "upset the balance Congress chose to strike between the competing considerations of individual hardship and systemic efficiency." *MedPro Health Providers, LLC v. Hargan*, No. 17 C 1568, 2017 WL 4699239, at *5 (N.D. Ill. Oct. 19, 2017) (citing *Heckler v. Ringer*, 466 U.S. 602, 627 (1984)). As the Eighth Circuit explained in *Clarinda Home Health v. Shalala*, 100 F.3d 526, 530 (8th Cir. 1996), the payment suspension is not a final determination, and the funds have been temporarily withheld during an ongoing fraud investigation to maintain the status quo. The Eighth Circuit's holding in *Clarinda* is clear and unambiguous: federal district courts lack jurisdiction to hear the sort of challenge APS has brought.

8.  As APS impliedly concedes in its status report, nothing in the *Clarinda* decision suggests that subject-matter jurisdiction is conferred after eighteen months have passed. *See* Dkt. 41 at 4 & n.2. Nor does APS point to any authority holding that the eighteen-month mark has jurisdictional relevance. And in fact, at least one court has held the opposite: "The suspension's eighteen-month duration is not legally significant for purposes of federal jurisdiction." *See VRA Enterprises, LLC v. Centers for Medicare and Medicaid Servs.*, Case No. 8:24-cv-1523-KKM-AAS, 2025 WL 1837521, at *5 (M.D. Fla. July 3, 2025) (granting CMS's motion to dismiss for lack of subject matter jurisdiction when payment suspension exceeded eighteen months). Indeed, the very existence of the exception codified at 42 C.F.R. § 405.371(b)(3)(ii) expressly contemplates that some temporary payment suspensions will continue for a period longer than eighteen months. This case must be dismissed.

9.  As discussed in defendants' briefing of the motion to dismiss, even if the Court determines subject-matter jurisdiction exists, plaintiff's complaint fails to state a claim for which

3

relief can be granted and must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

10.  In its status report, APS continues to mischaracterize the facts and the law. For example, APS tells the Court that recent Civil Investigative Demands issued by the United States pertained to the relationship between APS and "one gastroenterology practice." Dkt. 41 at 3 & n.1. APS knows that's not true. In fact, APS produced documents revealing it has paid out hundreds of thousands of dollars in settlements related to disputes with private insurers over the same conduct the government is investigating. APS also asserts that it never received a second or third 180-day notice that the payment suspension would continue; however, CMS has copies of the notices dated July 3, 2025, and December 29, 2025, that were sent by Federal Express to APS. *See* July 3, 2025 Notice, attached as Exhibit 1; December 29, 2025 Notice, attached as Exhibit 2.

11.  Elsewhere in its filing, APS baselessly (and wrongly) speculates about the government's investigative activity. Should the Court desire an accurate update about the progress and status of the government's investigation, the government is prepared to provide such a report to the Court *ex parte.*

WHEREFORE, defendants Robert F. Kennedy, in his official capacity as Secretary of the United States Department of Health & Human Services, and Dr. Mehmet Oz, in his official capacity as Administrator of the Centers for Medicare and Medicaid Services, respectfully submit this status report.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas

/s/     *Jamie Goss Dempsey*
_____

Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
425 West Capitol Ave., Suite 500
Little Rock, Arkansas 72201
Tel.    (501) 340-2600
jamie.dempsey@usdoj.gov

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was filed with the Court *via* CM/ECF, which shall send notification to counsel of record.

/s/     *Jamie Goss Dempsey*
_____

Jamie Goss Dempsey

5