**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **ADVANCED PATHOLOGY** | **PLAINTIFF** |
| **SOLUTIONS, PLLC** | |
| **v.**                      No. 4:25-CV-229 JM | |
| **ROBERT F. KENNEDY, in his** | **DEFENDANTS** |
| **official capacity as Secretary** | |
| **of the United States** | |
| **Department of Health &** | |
| **Human Services; and** | |
| **DR. MEHMET OZ, in his** | |
| **official capacity as Administrator** | |
| **of the Centers for Medicare and** | |
| **Medicaid Services** | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants Robert F. Kennedy, in his official capacity as Secretary of the United States Department of Health & Human Services ("HHS"), and Dr. Mehmet Oz, in his official capacity as Administrator of the Centers for Medicare and Medicaid Services ("CMS"), submit this Motion for a Protective Order regarding this Court's March 13, 2026 Order, Doc. No. 55.

1. Pursuant to federal regulations, CMS implemented a temporary payment suspension of Advanced Pathology Solutions, PLLC ("APS") effective July 26, 2024. *See* 42 C.F.R. § 405.371(a)(2).

2. CMS's temporary payment suspension was based on credible allegations of fraud and was implemented pursuant to administrative procedure intended to protect the federal fisc from additional losses while the government investigates the potential misconduct. *See* 42 U.S.C. § 1395y(o); 42 C.F.R. §§ 405.370-405.375.

3. This administrative procedure contemplates that after the government's investigation is resolved, CMS will make any overpayment determination, and APS will have an

opportunity to challenge that determination through administrative channels, including the potential to seek judicial review once the administrative remedies are exhausted. *Id.* "An investigation of credible allegations of fraud will be considered resolved when legal action is terminated by settlement, judgment, or dismissal, or when the case is closed or dropped because of insufficient evidence to support the allegations of fraud." *See* 42 C.F.R. § 405.370.

4.      The regulations set forth "good cause exceptions" to payment suspensions. *See* 42 C.F.R. § 405.371(b). One such exception is triggered: "if a payment suspension has been in effect for 18 months and there has not been a resolution of the investigation . . . ." 42 C.F.R. § 405.371(b)(3)   However, the regulation goes on to provide an exception to this exception: "except CMS may extend a payment suspension beyond that point if . . . [t]he Department of Justice submits a written request to CMS that the suspension of payments be continued based on the ongoing investigation and anticipated filing of criminal or civil action or both." 42 C.F.R. § 405.371(b)(3)(ii). Thus, the regulations expressly contemplate that some temporary payment suspensions may exceed eighteen months.

5.      On January 20, 2016, the United States advised the Court that in accordance with 42 C.F.R. § 405.371(b)(3)(ii), the Department of Justice ("DOJ") had submitted a written request to CMS for the payment suspension of APS to be continued based on the ongoing investigation. *See* Defendants' Status Report, Doc. 42 ¶ 6.

6.      On March 13, 2026, the Court issued an order scheduling dates for a hearing in this matter, as well as deadlines for supplemental briefs and witness lists, exhibit lists, and exhibits. See Order, Doc. No. 55. The parties' supplemental briefs are due April 10, 2026. *Id.*

7.      The Court further ordered the United States to "attach a copy of the Department of Justice's written extension request, 42 C.F.R. § 405.371(b)(3)(ii), to its supplemental brief." *Id.*

2

8.      The written extension request is a communication between an attorney at the DOJ and CMS, its client agency, that implicates ongoing legal proceedings and is protected from disclosure by the attorney-client privilege. *See, e.g., United States v. Jicarilla Apache Nation*, 564 U.S. 162, 169-70 (2011) (recognizing that the "objectives of the attorney-client privilege apply to governmental clients" and that "the Government may invoke the attorney-client privilege in civil litigation to protect confidential communications between Government officials and Government attorneys").

9.      The written extension request was also created in anticipation of litigation (including both this payment suspension action and the related case) and reflects mental impressions, conclusions, opinions, and/or legal theories of DOJ attorneys and therefore constitutes protected work product.  *See, e.g., Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). This includes an analysis of the "amount of time needed for continued suspension in order to conclude the criminal or civil proceeding or both" and a discussion of "why or how criminal or civil action or both may be affected if the requested extension is not granted," as set forth in 42 C.F.R. § 405.371(b)(3)(ii)(B)-(C).

10.     The written extension request also reflects recommendations and deliberations among DOJ and CMS concerning the temporary payment suspension and the agency decision-making process about whether to extend the payment suspension. Therefore, the communication also plainly implicates the deliberative process privilege, which applies to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).

11.     This communication is not only privileged, it is also inapposite to the Court's determination of any motion pending before the Court. Regardless of the substance of the request, the Court lacks subject-matter jurisdiction over this action under binding Eighth Circuit precedent. *See Clarinda Home Health v. Shalala*, 100 F.3d 526 (8th Cir. 1996).

12.     For these reasons, the United States respectfully requests relief from the portion of the Court's Order, Doc. No. 55, requiring the United States to attach a copy of the written extension request to its supplemental brief. In the alternative, should the Court nevertheless require the United States to produce the document, the United States requests that it be permitted to do so *ex parte* and under seal for the Court to review *in camera* to preserve the privileges and protections discussed above.

13.     Attorneys for the United States met and conferred with counsel for APS regarding the relief requested in this Motion on March 19, 2026. APS contends that the written extension request is not subject to any of the privileges or protections discussed above and should be produced. APS further objects to the United States providing a copy of the document to the Court *ex parte*. While APS objects to the request being produced to the Court *ex parte*, APS has concerns about the document being filed on the public docket and would request it be provided under seal to the parties.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas

/s/    *Jamie Goss Dempsey*

_____

Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
425 West Capitol Ave., Suite 500
Little Rock, Arkansas 72201
Tel.    (501) 340-2600
jamie.dempsey@usdoj.gov

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was filed with the Court *via* CM/ECF, which shall send notification to counsel of record.

/s/    *Jamie Goss Dempsey*

_____

Jamie Goss Dempsey